WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harris Technical Sales, Inc., an Arizona corporation,  Plaintiff,  vs.  Eagle Test Systems, Inc., a Delaware corporation,  Defendant. | No. CIV 06-2471-PHX-RCB  O R D E R |

In this diversity action,[1] plaintiff, Harris Technical Sales, Inc., alleges three state law claims against defendant, Eagle Test Systems, Inc.: (1) breach of contract; (2) unjust enrichment; and (3) a demand for an accounting. Currently pending before the court are two motions by plaintiff, both of which are directed at defendant's answer. In the first motion, brought pursuant to Fed.

---

[1] This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in that plaintiff is an Arizona corporation with its principal place of business in Arizona, and defendant is a Delaware corporation with its principal place of business in Illinois; and the amount in controversy allegedly exceeds $75,000.00. Co. (doc. 1) at 1-2, ¶¶ 1-3.

R. Civ. P. 7(b),[2] plaintiff is seeking to compel defendant to verify its answer. In its second motion, brought pursuant to Fed. R. Civ. P. 12(f), plaintiff is moving to strike defendant's affirmative defenses "as being insufficiently pled[.]" Mot. (doc. 10) at 1. For the reasons set forth below, the court finds no merit to either of these motions.

### *Background*

The contract which is the subject of this action includes a paragraph designated "[c]onflicts[,]" which reads as follows: "Should any conflicts arise concerning this agreement which cannot be resolved by mutual agreement, action may be brought to resolve the conflict according to the laws of the State of Illinois, U.S.A." Co. (doc. 1), exh. A thereto (doc. 4) at 7, ¶ 11. Invoking this provision, plaintiff contends that Illinois procedural and substantive law apply here. Thus, relying upon the Illinois Code of Civil Procedure plaintiff reasons that because it filed a verified complaint, defendant likewise is required to file a verified answer.[3] Because defendant did not verify its answer, plaintiff is moving to compel verification. Also in reliance upon the Illinois Code of Civil Procedure, plaintiff is further moving to strike defendant's affirmative defenses "as being insufficiently pled" under section 2-613 of that Code. Mot. (doc. 10) at 1. The

---

[2] Plaintiff's reliance upon Rule 7(b) is questionable because that Rule simply sets forth the form which motions must take generally. It does not provide an independent basis for making a motion.

[3] Although Illinois law does not require verification of all pleadings, section 2-605(a) of the Illinois Code of Civil Procedure does provide that "[i]f any pleading is so verified, every subsequent pleading must also be verified, unless verification is excused by the court." 735 ILL. COMP. STAT. 5/2-605 (West 2007). Here, plaintiff's complaint was verified. Thus, as will be seen, plaintiff is insisting that defendant's answer be verified in accordance with this statute.

court will address each of these motions in turn.

### *Discussion*

#### *I. Verification*

Defendant's response is terse and, as will be more fully discussed herein, accurate.  "Under the doctrine of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court sitting in diversity must apply the Federal Rules of Civil Procedure."  Knievel v. ESPN, 393 F.3d 1068, 1073 (9th Cir. 2005).  This is so, as the Ninth Circuit has explained, and defendant is quick to point out, "irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."  Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1027 (9th Cir. 2003) (internal quotation marks and citation omitted).  Defendant asserts that because its answer complies with Fed. R. Civ. P. 8, which sets forth "general rules of pleading," and because that Rules does not require verification, the court should deny plaintiff's motion to verify.

Asserting that "[d]efendant's analysis is flawed[,]" plaintiff's response is two-fold.  Reply (doc. 16) at 1.  First, based upon the contract's "conflicts" provision quoted above, plaintiff contends that defendant is "estop[ped]" from arguing that the Federal Rules of Civil Procedure apply rather than the Illinois Code of Civil Procedure.  See id. at 2.  Second, plaintiff is taking the position that "[t]he *Erie Doctrine* . . . does not preclude local procedural law [*i.e.*, Illinois] from being applied in federal court, as with statutes of limitations."  Id. (emphasis in original).  Plaintiff adds that "[b]ecause Illinois civil

1  procedure adds to and does not detract from federal pleading
2  requirements, the instant case is one in which state and Federal
3  Rules can exist side by side . . . each controlling its own
4  intended sphere of coverage without conflict." Id. at 2-3 (quoting
5  Walker v. Armco Steel Corp., 446 U.S. 740, 752, 100 S.Ct. 1978,
6  1986, 64 L.Ed.2d 659 (1980)) (internal quotation marks omitted).
7  Plaintiff's argument, not defendant's, is the one which is flawed.
8     First of all, plaintiff's contract based estoppel argument
9  flies in the face of the well-settled principle that "[a] federal
10 court follows federal procedural law and, where it applies, state
11 substantive law." Kohlrautz v. Oilmen Participation Corp., 441
12 F.3d 827, 830 (9th Cir. 2006) (citing, *inter alia*, Erie, 304 U.S.
13 64, 58 S.Ct. 817).  Second, although plaintiff is correct that the
14 Erie doctrine would not prevent this court from applying a state
15 statute of limitations, that is because for Erie "purposes . . . ,
16 statutes of limitations in diversity cases are considered
17 substantive[.]" PAI Corporation v. Integrated Science Solutions,
18 Inc., 2007 WL 1229329, at *4 (N.D.Cal. April 25, 2007) (citations
19 omitted) (emphasis added).  This court is not being asked to apply
20 a state statute of limitations, however.  While the distinction
21 between substantive and procedural can sometimes become blurred,
22 verification of a pleading easily falls into the latter category.
23 And, according to Fed. R. Civ. P. 11(a), "[e]xcept when otherwise
24 specifically provided by rule or statute, pleadings need not be
25 verified[.]" Fed. R. Civ. P. 11(a).  Plaintiff has not pointed to,
26 nor is the court aware of any, federal rule or federal statute
27 mandating verification of answers.  Therefore, the court declines
28 to impose that Illinois state law procedural requirement on this

-4-

federal diversity action. Indeed to do so would run afoul of <u>Erie</u> and its progeny. Consequently, the court DENIES plaintiff's motion to compel defendant to verify its answer.

### *II. Affirmative Defenses*

Plaintiff is again relying upon the mistaken belief that because the "conflicts" provision of the subject contract provides that Illinois law governs, that means that Illinois procedural law governs, even though this is a federal court diversity action. In particular, plaintiff is relying upon part of the Illinois Code of Civil Procedure which requires that "[t]he *facts* constituting any affirmative defense, . . . must be plainly set forth in the answer[.]"[5] 735 ILL. COMP. STAT. 5/2-613(d) (West 2007) (emphasis added). Noting that "[d]efendant has not provided one fact in support of any of its nine affirmative defenses[,]" plaintiff asserts that those "boilerplate . . . defenses are meaningless and insufficient . . . under Illinois Law." Mot. (doc. 10) at 1. Thus, plaintiff is seeking to have the court strike all nine of those defenses.

As with plaintiff's motion to compel verification, defendant's position is that the Illinois Code of Civil Procedure, and its arguably heightened pleading standards for affirmative defenses, does not apply to this federal court action. This argument finds support in <u>Andresen v. Diorio</u>, 349 F.3d 8 (1st Cir. 2003). There,

---

[5] For accuracy, the court notes that a close reading of section 2-613 reveals that it is not quite as broad as plaintiff suggests by this partial quote. What must be "plainly set forth in the answer or reply[]" is "any ground or defense, whether affirmative or not, *which if not expressly stated in the pleading*, would be *likely* to *take the opposite party by surprise*[.]" 735 ILL. COMP. STAT.5/2-613 (West 2007) (emphasis added).

1  relying upon the landmark Supreme Court decision of <u>Hanna v.
2  Plumer</u>, 380 U.S. 460, 466-74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)),
3  the Court explained that "under standard <u>Erie</u> doctrine, *state
4  pleading requirements*, so far as they are concerned with the *degree
5  of detail to be alleged*, are irrelevant in federal court even as to
6  claims arising under state law." <u>Id.</u> at 17 (other citations
7  omitted) (emphasis added).  Thus, the <u>Andresen</u> Court agreed with
8  plaintiff that he was not subject to Massachusetts' heightened
9  pleading standard for defamation in his federal court action.  <u>See
10 id.</u>  In so holding, the First Circuit found that <u>Leatherman v.
11 Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S.
12 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)), "len[t] general
13 support to [plaintiff's] position by emphasizing the general
14 primacy in federal court of Rules 8 (notice pleading) and 9
15 (heightened pleading only for fraud and mistake)[.]'" <u>Id.</u>
16 (citations omitted).  Based upon <u>Andresen</u>, coupled with its belief
17 that its affirmative defenses comply with Rule 8, defendant asserts
18 that the court should deny this motion to strike as well.

19       In its Reply, plaintiff reiterates its view that the Illinois
20 Code of Civil Procedure "'can exist side by side'" with the Federal
21 Rules of Civil Procedure with "'each controlling its own intended
22 sphere of coverage without conflict.'" Reply (doc. 17) at 3
23 (quoting <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 752, 100 S.Ct.
24 1978, 1986, 64 L.Ed.2d 659 (1980)). This argument incorrectly
25 assumes that the Federal Rules of Civil Procedure and the Illinois
26 Code do not conflict in terms of pleading requirements.  There is a
27 direct conflict though.  "Illinois is a fact pleading
28 jurisdiction[,]" <u>Richco Plastic v. IMS Co.</u>, 288 Ill. App.3d 782,

681 N.E.2d 57 (1997); whereas the Federal Rules of Civil Procedure require only notice pleading, even for affirmative defenses. Hernandez v. Balakian, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (quoting Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979)) (other citation omitted)("'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'"); see also Walsh v. Nevada Dept. of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (internal quotation marks and citation omitted) ("The Federal Rules of Civil Procedure describe a liberal system of notice pleading.") Accordingly, this is not a situation where two different rules are co-extensive so they can exist in harmony, such as in Walker, supra.

Moreover, "[f]or the purposes of Erie, pleading standards are considered procedural." PAI Corporation, 2007 WL 1229329, at *4 (citations omitted). And "'[w]here state law directly conflicts with applicable rules of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules-not state law." Id. (quoting Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D.Cal. 2000) (citing in turn Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Based upon the well-settled law in this area, including the Erie doctrine, in Ciampi v. CCC Information Services Inc., 2006 WL 681049, at *1 (N.D.Ill. March 10, 2006) (footnote omitted), the court chastised counsel for "seek[ing] to engraft on the federal regime of notice pleading a requirement of fact pleading [under Illinois law], much as though th[at] action was pending down the street in the Circuit Court of Cook County rather than in this District Court." Similarly, the

1  court in Ursua v. Alameda County Medical Center, 2004 WL 2496135
2  (N.D.Cal. Nov. 4, 2004) (citations omitted), noted that the
3  defendant's "contention that plaintiffs ha[d] not met the pleading
4  requirements under state law, d[id] not help [the defendant] in
5  federal court."  Id. at *3 n.3.
6      The same is true here.  Plaintiff is in federal district
7  court, where it elected to commence this action.  "From beginning
8  to end, [this] diversity litigation [will be] conducted under
9  federal rules of procedure."  Mayer v. Gary Partners & Co., Ltd.,
10 29 F.3d 330, 334 (7th Cir. 1994).  Thus, because plaintiff has
11 improperly relied upon the Illinois Code of Civil Procedure as the
12 basis for its motion to strike, the court DENIES this motion.

### *Conclusion*

14     For the reasons set forth above, IT IS ORDERED that the motion
15 by plaintiff Harris Technical Sales, Inc. to compel defendant Eagle
16 Test Systems, Inc. to verify its answer (doc. 11) is DENIED;
17     IT IS FURTHER ORDERED that the motion by plaintiff Harris
18 Technical Sales, Inc. to strike defendant Eagle Test Systems,
19 Inc.'s affirmative defense (doc. 10) is DENIED.
20     DATED this 29th day of June, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

28 Copies to counsel of record